TAMARA W. ASHFORD
Acting Assistant Attorney General

GERALD A. ROLE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C.  20044
202-307-0461 (v)
202-307-0054 (f)
Gerald.A.Role@usdoj.gov

Of Counsel:
JOHN S. LEONARDO
United States Attorney

*Attorneys for Respondents*

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF ARIZONA

| | | |
|---|---|---|
| James David Allen, | ) | |
| | ) | Case No. MC-14-00059-PHX-GMS |
| Petitioner, | ) | |
| | ) | **MEMORANDUM IN SUPPORT OF** |
| v. | ) | **UNITED STATES OF AMERICA'S** |
| | ) | **MOTION TO DISMISS PETITION TO** |
| United States of America, *et al.*, | ) | **QUASH** |
| | ) | |
| Respondents. | ) | |

Respondent United States of America, through undersigned counsel, moves that this

Court dismiss the petition to quash the administrative summons issued by the Internal Revenue

Service in its investigation of petitioner's Federal tax liabilities.  As grounds for its motion, the

United States asserts that this Court lacks both personal jurisdiction (due to petitioner's failure to

properly serve the United States in accordance with Fed. R. Civ. P. 4(i)) and subject matter

jurisdiction (as petitioner did not file his petition to quash within the time limit set forth in 26

1   U.S.C. §7609(b)(2)(A)).  The grounds for this motion are set forth in greater detail in the

2   accompanying memorandum.

### **ARGUMENT**

## I.  THE COURT LACKS PERSONAL JURISDICTION.

5        Petitioner has named as respondents the United States, the Internal Revenue Service, and

6   two Service employees, one named, the other unnamed.  Only the United States is a proper party

7   to this action.

8        The Internal Revenue Service is not a proper party, because a Federal agency may not be

9   sued unless Congress has explicitly authorized it to be sued.  *Blackmar v. Guerre*, 342 U.S. 512,

10  514 (1952).  The Internal Revenue Service cannot be sued *eo nominee*.  *Krouse v. United States*

11  *Government Treasury Department Internal Revenue Service*, 380 F. Supp. 219 (C.D. Cal. 1974);

12  *Baumohl v. Columbia Jewelry*, 127 F. Supp. 865 (D. Md. 1955).  Accordingly, it should be

13  dismissed as a party to this action.

14       The individual respondents, a revenue agent and her supervisor, should likewise be

15  dismissed.  A suit against a Federal officer is one against the sovereign if "the judgment sought

16  would expend itself on the public treasury or domain, or interfere with the public administration,

17  or if the effect of the judgment would be to restrain the [g]overnment from acting, or compel it to

18  act."  *Dugan v. Rank*, 372 U.S. 609, 620 (1963)(quotes and citations omitted).  In particular, a

19  claim against an employee of the Internal Revenue Service who is alleged only to have engaged

20  in conduct squarely within the scope of her official duties that is, as here, directly related to the

21  assessment and collection of Federal taxes, may be challenged only by an action against the

22  United States, not those employees.  *Liebig v. Kelley-Allee*, 923 F. Supp. 778. 782 (E.D.N.C.

23  1996); *Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989); *Burgos v. Milton*, 709 F.2d 1, 2

1  (1st Cir. 1983).  Here, petitioner makes no allegation that either individual engaged in anything

2  other than official conduct.  Moreover, the relief sought by the petition – the quashing of the

3  summons – can only be granted against the United States. Accordingly, the petition is properly

4  one against the United States and the individuals should be dismissed as parties.  *Hutchinson v.*

5  *United States*, 677 F.2d 1322, 1327 (9th Cir. 1982).

6       A petition to quash an Internal Revenue Summons, like a summons and complaint against

7  the United States, must be served in accordance with Fed. R. Civ. P. 4(i).  The United States is

8  served when the petition is delivered or mailed to the United States Attorney for the district in

9  which the action is being brought and the Attorney General of the United States at Washington,

10 D.C.  Fed. R. Civ. P. 4(i)(1).  The petitioner, however, has served only the petition and only on

11 the named revenue agent.  Even if she were a proper party to this action, the Federal Rules still

12 require the United States to be served.  Fed. R. Civ. P. 4(i)(2).

13      As the United States has not been properly served, the Court lacks personal jurisdiction,

14 and the petition must be dismissed.[1]

15           II. THE COURT LACKS SUBJECT MATTER JURISDICTION.

16      The Court lacks subject matter jurisdiction because petitioner did not bring this action

17 timely.  As the sovereign, the United States cannot be sued without its express consent.  *United*

18 *States v. Testan*, 424 U.S. 392, 399 (1976); *United States v. Shaw*, 309 U.S. 495, 500-01 (1940).

19 Once sovereign immunity has been waived, the suit must comply exactly with the terms of the

20 statute.  *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *United States v. Sherwood*, 312

---

[1]  While the Federal Rules allow a party an opportunity to cure improper service upon the United States, *see* Fed. R. Civ. P. 4(i)(4), such an opportunity is not necessary here because, as discussed below, the Court also lacks subject matter jurisdiction.

1    U.S. 584, 586 (1941);   Any waiver of sovereign immunity must be construed strictly in favor of

2    the sovereign and not enlarged beyond what the language requires.  *United States v. Nordic*

3    *Village, Inc.*, 503 U.S. 30, 33-34 (1992); *United States v. Lewis County*, 175 F.3d 671, 677 (9th

4    Cir. 1999).

5         26 U.S.C. §7609 is a waiver of sovereign immunity for a taxpayer to bring a petition to

6    quash a third-party summons.  26 U.S.C. § 7609(b)(2)(A), (h)(1).  The statute provides that the

7    proceeding must be brought "not later than the 20th day after such notice [of issuance of the

8    summons] is *given*" to the taxpayer.   26 U.S.C. § 7609(b)(2)(A)(emphasis added).

9         The revenue agent issued the summonses at issue on July 16, 2014, and provided notice

10   to petitioner the same day by sending copies of them via certified mail to him at this last known

11   address.  (Montag Decl. ¶¶ 5, 6.)  This is the notice the statute requires.  *See* 26 U.S.C. §7609(a).

12   Taxpayer had 20 days in which to bring his petition to quash, that is, until August 5, 2014.  The

13   petition was not filed until August 6, 2014, one day late.  Since the petition was not brought

14   within the statutory period allowed, the Court lacks jurisdiction and the petition must be

15   dismissed.

16             III. PETITIONER'S OTHER ARGUMENTS LACK MERIT.

17        Even if petitioner had met the jurisdictional requirements, he provides no valid grounds

18   to quash the subpoena.

19        He first contends that "it is well settled precedent a Summons must state the 'liability'

20   (actual or ostensible) for which it is issued."  (Doc. 1 at 5.)  He cites no precedent, however.  He

21   does provide cites for the Internal Revenue Code, the Internal Revenue Manual, and the Code of

22   Federal Regulations, none of which support his assertion.  26 U.S.C. §7602(a) imposes no

23   requirements for what a summons must contain.  26 U.S.C. §7609(a)(3) requires that the

4

taxpayer to whom the summons relates be identified, not the liability.  Petitioner's two citations to the Internal Revenue Manual do not exist in the manual, and 26 C.F.R. § 1.6000-1 addresses the returns and records which taxpayers are required to keep, but has nothing to do with administrative summons.

Petitioner contends the revenue agent attempted to circumvent his rights when she issued the summons to the "Banks without any form of certified communication with [petitioner] to inform him of her intentions."  (Doc. 1 at 5.)  The Internal Revenue Code, in a subsection entitled "General Notice," provides that, "An officer or employee of the Internal Revenue Service may not contact any person other than the taxpayer with respect to the determination or collection of the tax liability without providing reasonable notice in advance to the taxpayer that contacts with persons other than the taxpayer may be made." 26 U.S.C. §7602(c)(1).  This statute does not require that the Service inform the taxpayer of which third parties may be contacted, or that such notification be certified.  On April 23, 2014, nearly three months before the summons here were issued, the revenue agent provided this notice by sending petitioner a copy of the IRS Publication 1, "Your Rights as a Taxpayer," which informs the recipient that "we sometimes talk with other persons if we need information that you have been unable to provide, or to verify information that we receive."  (Montag Decl. ¶ 11, Ex. 4.)

The Internal Revenue Service's statutory duty and powers of investigation are stated in very broad terms in 26 U.S.C. §7601.  In examining the purpose of Section 7601, the Supreme Court has acknowledged that, given our tax system's reliance on self-reporting, some persons will try to outwit the system:

> Thus, §7601 gives the Internal Revenue Service a broad mandate to investigate and audit 'persons who might be liable' for taxes and §7602 provides the power to 'examine any books, papers, records or other data which may be relevant…and to summon…any person

> having possession…of books of account…relevant or material to
> such inquiry.'  Of necessity, the investigative authority so provided
> is not limited to situations in which there is probable cause, in the
> traditional sense, to believe that a violation of the tax law exists.
> *United States v. Powell*, 379 U.S. 48, 57 (1964).  The purpose of
> the statutes is not to accuse, but to inquire.  Although such
> investigations unquestionably involve some invasion of privacy,
> they are essential to our self-reporting system, and the alternatives
> could well involve far less agreeable invasions of house, business,
> and records.

*United States v. Biscaglia*, 420 U.S. 141, 145 (1975).   Further, the Supreme Court has explained

that the power of the Internal Revenue Service to investigate does not depend on a case or

controversy for power to get evidence; the Internal Revenue Service can investigate "merely on

suspicion that the law is being violated, or even just because it wants assurance that it is not."

*United States v. Powell*, 379 U.S. 48, 57 (1964)(*quoting United States v. Morton Salt Co.*, 338

U.S. 632, 643 (1950)).

The Internal Revenue Service is authorized to summon and "examine any books, papers,

records, or other data which may be relevant or material" to a particular tax inquiry.  *See* 26

U.S.C. §7602; *United States v. Arthur Young & Co.*, 465 U.S. 805, 813 (1984).  In this case, the

summonses show that the material being sought "may be relevant or material" to the

determination of whether petitioner has any Federal tax liabilities for the years 2006, 2007, 2008,

2009, and 2012.  (Montag Decl. ¶¶ 3, 10.)

When it seeks an order enforcing a summons, the United States must establish that the

summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose;

(3) seeks information that is not already within the Service's possession; and (4) satisfies all

administrative steps required by the United States Code.  *Powell*, 379 U.S. at 57-58; *see also*

*Fortney v. United States*, 59 F.3d 117, 119 (9th Cir. 1995).  Contrary to petitioner's apparent

belief, however, the Service is not required to demonstrate its compliance with *Powell* when it

6

1    issues a summons; it is only required to make that showing when it seeks to enforce the

2    summons, or when the taxpayer or summoned party seeks to quash it.  Here, that showing has

3    been made through the declaration of Bethany Montag, the revenue agent who is conducting the

4    examination and who issued the summons petitioner seeks to quash.  *Stewart v. United States*,

5    511 F.3d 1251, 1254-55 (9th Cir. 2008).

6          Petitioner raises three other points, which we address briefly.  First, he protests the costs

7    to the summoned financial institutions and to himself.   Petitioner has no standing to challenge

8    whatever burdens compliance with the summons may impose on the summoned parties.[2]  As for

9    his own costs in bringing this action, 26 U.S.C. §7609 does not provide for an award of fees and

10   costs, and petitioner does not identify any other statute which would constitute a waiver of

11   sovereign immunity for such an award in this case.

12         Petitioner also alleges that the Internal Revenue Service violated the provisions of the

13   Internal Revenue Manual by disclosing his social security number to the summonsed financial

14   institutions.  This does not affect the validity of the summons:  the Internal Revenue Manual

15   does not have the force of law and does not confer any rights on taxpayers.  *In re Carlson*, 126

16   F.3d 915, 923 (7th Cir. 1997); *Groder v. United States*, 816 F.2d 139, 142 (4th Cir. 1987); *Dickow

17   v. United States*, 654 F.3d 144, 153 n.8 (1st Cir. 2011).  Moreover, the *Powell* factor addressing

18   administrative procedure requires the Service to establish that "the administrative steps required

19   by the *Code* have been followed—in particular, that the 'Secretary or his delegate,' after

20   investigation, has determined the further examination to be necessary and has notified the

21

22   [2]  It should be noted, however, that the law, under certain circumstances, permits reimbursement for research and
     copying costs.  *See* Montag Decl. (Doc. 10-1) at 4, 9, and 14.

23

7

1    taxpayer in writing to that effect." *Powell*, 379 U.S. at 58 (emphasis added).  The fact that the

2    Service may not have complied with an internal, procedural, non-Internal Revenue Code

3    guideline does not vitiate the summons under *Powell*.

4         Finally, petitioner claims the summonses violate his right against unreasonable searches

5    and seizures. A taxpayer's Fourth Amendment rights, however, are not implicated by

6    summonses issued to third parties.  *United States v. Miller*,  425 U.S. 435, 440-44 (1976); *United*

7    *States v. Golden Valley Elec. Ass'n*., 689 F.3d 1108, 1116 (9th Cir. 2012).

8    **CONCLUSION**

9         The summonses petitioner seeks to quash were properly issued for information not in the

10   Service's possession which is relevant to its examination of his liability for five tax years.  The

11   Service followed all administrative steps required by the Internal Revenue Code, including the

12   giving of general and specific notice to petitioner.  For these reasons, the petition to quash should

13   be denied.

14    Dated:            November 14, 2014.

15

16              Respectfully submitted,

17              TAMARA W. ASHFORD
           Acting Assistant Attorney General

18

19              */s/ Gerald A. Role*
           GERALD A. ROLE (IL #6198922)

20              Trial Attorney, Tax Division
           U.S. Department of Justice

21              P.O. Box 683
           Washington, D.C.  20044

22              202-307-0461 (v)
           202-307-0054 (f)

23              Gerald.A.Role@usdoj.gov

1    Of Counsel:

2    JOHN S. LEONARDO
       United States Attorney

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

1
<u>**CERTIFICATE OF SERVICE**</u>

2     IT IS CERTIFIED that a copy of the foregoing has been caused to be served this 14th day

3 of November, 2014, by placing a true and correct copy thereof in the United States mail, postage
prepaid, addressed as follows:

4                   James David Allen
                    8638 Hydra Lane

5                   San Diego, CA  92126

6

7                       /s/ Gerald A. Role      
                     GERALD A. ROLE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23