THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING
TO FEDERAL AND/OR LOCAL RULES AND PRACTICES
D IS SUBJECT TO REJECTION BY THE COURT.
REFERENCE: LR CV 5.4
(Rule Number/Section)

David Allen, Plaintiff
8638 Hydra Lane
San Diego, CA 92126
Phone: 775.235.8465
EMail: david.allen@requnix.com

\_\_\_ FILED       \_\_\_ LODGED
\_\_\_ RECEIVED    \_\_\_ COPY

NOV 2 6 2014

CLERK U S DISTRICT COURT
  DISTRICT OF ARIZONA
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| JAMES DAVID ALLEN,<br><br>Petitioner,<br><br>vs.<br><br>United States of America, Internal Revenue Service, Rebecca Montag (Revenue Agent), Jane/John Doe (Acting Group Manager),<br><br>Respondents. | Case No. MC-14-00059-PHX-GMS<br><br>**RESPONSE TO IRS MOTION TO DISMISS**<br><br>**(Including Moot Issue)** |
|---|---|

On October 14, 2014, Trial Attorney Gerald A. Role on behalf of the U.S. Department of Justice ("DOJ") filed a Motion to Dismiss Petitioner's Petition to Quash ("MTD"). The MTD makes two core claims: (1) Petitioner failed to properly serve the IRS in accordance with Fed.R.Civ.P.4(i), and; (2) that petitioner did not file his petition to quash within the time limit set forth in 26 U.S.C. § 7609(b)(2)(A).

Petitioner addresses these claims herein, and also provides additional information the IRS has violated Federal, Arizona State and California State law by disclosing his full SSN within the Summons.

Additionally, the DOJ response along with the Summons is now moot as Petitioner hired CPA Firm Brewer and Hulme to complete his 2006-2012 Federal Tax Returns. These returns were completed and mailed to the IRS on November 3, 2014 and November 5, 2014. Petitioner has also contacted the DOJ to remedy this issue outside of these proceedings.

Plaintiff has attached a sworn declaration in support of this response.

**Petition Filing Date & Subject Matter Jurisdiction**

The DOJ claims the Petition to Quash was filed "one day late".

-1-

Petitioner mailed the Petition to this Court on July 31, 2014, well within the 20-day response period. There was a 3-4 day delay in the actual filing the case because Petitioner included a $400 check with his initial filing. He received a phone call from the Docket department for the Court informing him the fee was only $46 and in order to properly file the petition, the $46 check was necessary since Petitioner had overpaid. Petitioner immediately sent a $46 check to the Court, which is documented in [Dkt 2] – Notice to the Court. The delay was due to the fact Petitioner overpaid and the Clerk waited until the $46 fee was received. The Clerk had the petition around 3 days before it was filed.

[Dkt 1] also includes a Certificate of Service and a Request for Electronic Notification reaffirming the July 31st mail date.

### Personal Jurisdiction

Petitioner has no issue with this Court defining the Defendant of this petition as the United States of America as long as the IRS can show they are a Federal Agency of the United States as Petitioner has conducted research and cannot find any evidence proving the IRS is, in fact, a Federal Agency of the United States. If the DOJ claims protection as a Federal Agency, they must show the IRS is a Federal Agency of the United States.

The MTD states "The United States is served when the petition is **delivered** or mailed to the United States Attorney for the district in which the action is being brought and the Attorney General of the United States at Washington." [emphasis added]

Petitioner has ensured the petition was *delivered* to the United States by sending it via certified mail to agent Montag, thus meeting the requirement of Fed. R. Civ. P. 4(i)(1).

Additionally, the response from the DOJ shows the petition was, indeed, *delivered* and received.

### Disclosure of Petitioner's SSN

5 U.S.C. § 552a(b) specifically states "No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent

-2-

of, the individual to whom the record pertains, unless disclosure of the record would be..." followed by a list of allowed conditions.

Record is defined in 5 U.S.C. § 552a(b) to include a SSN.

The IRS inclusion of the Petitioners SSN on the Summons does not meet any of the subsections of 5 U.S.C. § 552a(b) and is therefore in violation of federal law.

The IRS sent the Summons to Petitioner via U.S. Mail, and to his knowledge, the IRS also sent the Summons to the 3rd party banks via U.S. Mail.

Since the IRS has failed to show State or Federal Law allows the printing of a complete SSN on an IRS summons, the IRS has also violated A.R.S. § 44-1373 which prohibits: "Print[ing] an individual's social security number or any sequence of more than five numbers that are reasonably identifiable as being part of an individual's social security number on any materials that are mailed to the individual, unless state or federal law requires the social security number to be on the document."

Since Petitioner is a California Resident, the IRS has also violated California Civil Code 1798.85(a)(5), which is nearly identical to the Arizona law and prohibits the printing of an individual's SSN on any materials mailed to the individual unless state or federal law "requires" the number to be on the document.

The DOJ also claims Petitioner's claims of improper (and potentially illegal) disclosure of his SSN doesn't "affect the validity of the summons" while offering no specific legal reference supporting this statement (they do include some generic case law references from the 7th and 1st circuit, but no quotes or evidence those cases do, in fact, support their statement). And through their own admission, Summons must ensure "the administrative steps required by the code have been followed". Once again, as Petitioner was never notified of the IRS's intention to issue the summons (and giving him the chance to remedy the issue outside of court), the code was not followed.

And while the IRS manual may not have the "force of law" one must ask why their own manual specifically states a 3rd party must request the SSN if they are unable to

-3-

properly identify the individual in question. It is reasonable to conclude this "rule" exists so the code is followed, and a summons does not violate SSA rules or related laws.

By ignoring the State and Federal Laws, and the rules set forth by the SSA, the IRS is printing Petitioner's complete SSN on mailed material which can easily be intercepted by identity thieves. The IRS should not be rewarded for these violations and reckless disclosures.

### Montag's Affidavit

As seen in her own Affidavit, Montag fails to state she contacted Petitioner with any official notice she intended to contact and/or issue summons to third parties, which is required by § 7602(c)(1) and reaffirmed by the IRS citing of *Powell*.

The IRS states they attempted to contact Petitioner with the conveyance "we sometimes **talk** with other persons if we need information that you have been unable to provide, or to verify information that we receive." [emphasis added]

This hardly qualifies as legal support or notification regarding the acquisition of any and all confidential financial records for a six year period.

Montag's affidavit also fails to state the "liability" (actual or ostensible), or identify any tax law which Petitioner is being investigated under. Merely stating she was "assigned to examine whether [Petitioner] has any Federal tax liabilities…" and throwing in a generic flyer titled "your rights as a taxpayer" is ambiguous and not supportive of the actions taken by the IRS.

While Montag did mail (through normal mail, non-certified) correspondence to Petitioner prior to the issuance of the Summons, the only statement was: "Our records indicate that we have not received your federal income tax returns for years 2006 through 2013. Please contact me at the telephone number listed above to discuss this matter."

Through their own admission, the IRS failed to inform Petitioner of any properly qualified liability or that the IRS planned on issuing summons to third parties (a violation of their own rules).

1   The IRS also fails to show that Petitioner was "unable to provide" any form of
2   information and did not put a reasonable (and defined by the code, required) amount of
3   effort into determining if Petitioner could, in fact, provide the information without issuing
4   3rd party summons.

### The IRS had more tax-related documents than Petitioner

6   In October, upon the request of petitioner, Agent Montag provided copies of all
7   documents in their possession regarding the years in question including numerous K1,
8   1099, and W-2 forms, nearly all of which were not in the possession of the Petitioner.
9   These documents were critical to completing the 2006-2012 tax returns, and showed the
10  IRS was already in possession of more tax-related documents than the Petitioner.

11  The IRS has failed to justify the monumental laundry list of any and all records they
12  are attempting to acquire from the 3rd parties and failed to disclose the documents they
13  already had in their possession as it relates to the Summons.

14  Additionally, summoning every financial record and transaction associated with
15  Petitioner over a six year period is hardly "contacting third parties", which the IRS cites as
16  the supportive basis for the summons.

17  As stated in the initial Petition, the IRS cites generic statutes and code, but fails to
18  cite the corresponding implementing regulations showing they apply to Allen. In their
19  MTD, the DOJ has also failed to show who has the authority to enforce the statutes and
20  code.

21  The DOJ also claims "Petitioner makes no allegation that either individual engaged
22  in anything other than official conduct" when the initial petition clearly states the IRS: (1)
23  failed to provide supportive authority for its actions; (2) failed to qualify the application of
24  26 U.S.C. § 7602 to Allen; (3) failed to state any liability, actual or ostensible for which
25  purpose the summons were issued, or cite any applicable or properly qualified authority to
26  issue and enforce the summons in question; (4) failed to meet the "relevancy and
27  materiality" test; (5) created Summons that qualify as a "fishing expedition"; (6) failed to
28  meet 4 of the 5 required *prima facie* qualifiers; (7) failed to inform Allen prior to issuing

-5-

Summons to the Banks; (8) issued the summons in "bad faith" while also illegally disclosing Allen's SSN, and; (9) violated Allen's fundamental right to be secure in his papers and effects (financial records) against unreasonable searches and seizures.

These points are hardly "official conduct".

## SUMMONS ARE NOW MOOT

The IRS claims these summons were issued due to the fact Petitioner had not filed Federal Income Tax Returns for 2006-2012.

The IRS response along with the Summons is now moot as Petitioner hired CPA Firm Brewer and Hulme to complete his 2006-2012 Federal Tax Returns.

On November 3, 2014, Petitioner mailed his 2006-2011 Federal Tax Returns via certified mail. On November 5, 2014, Petitioner filed his 2012 Federal Tax Returns via certified mail.

Petitioner has also provided the contact information to Agent Montag so she may talk with his CPA. Tim Brewer has already sent the IRS the document necessary to confirm Power of Attorney.

As such, these returns have now been filed, and the IRS has direct access to Petitioner's CPA, thus changing the nature of the IRS "investigation".

### Beyond filing, Plaintiff has attempted to remedy the "Issue"

Not only has Plaintiff attempted to remedy the issue at hand by filing his taxes for the years in question, on November 17, 2014, Plaintiff sent the following mail to the DOJ via Gerald.A.Role@usdoj.gov:

> Good afternoon Gerald, this is David Allen, the individual who filed the Motion to Quash the IRS Summons (Case MC-14-0059-PHX-GMS).
>
> I wanted to reach out to you to first let you know I hired a CPA firm (Brewer & Hulme) in October to complete the 2006-2012 returns. They have been completed and sent to the IRS. I informed Beth Montag when we spoke on the phone in October they would be complete on October 31st, and they were. I mailed 2006-2011 on November 3, but there was an issue with a missing W-2 for 2012 and that was corrected and mailed on November 5.

-6-

> Tim Brewer is my CPA, has power of attorney, and is available to speak with you to confirm any of the details. He can be reached at 408.266.0174.
>
> Given these filings either render the summons moot or change the nature of any investigation, unless there is a factor I am unaware of, I recommend we consider a joint motion to dismiss without prejudice.
>
> Let me know your thoughts and feel free to call me at 775.235.8465.

As such, Petitioner has attempted to resolve this issue to the best of his abilities, but has not received a reply from the DOJ at the time of mailing this response.

## **CONCLUSION**

Petitioner did send his petition to this Court within the 20-day timeframe, has served the parties, shown the Summons to be issued improperly and violate state and federal law by disclosing Petitioners full SSN, and remedied the core purpose of the initial IRS actions.

As such, the MTD should be denied, and the Petition to Quash should be granted.

Dated November 24, 2014.     By: _____

James David Allen, Petitioner